**UNITED STATES BANKRUPTCY
COURTS FOR THE DISTRICTS OF
VERMONT AND CONNECTICUT**

_____

**In re**

**HERMITAGE INN REAL ESTATE
HOLDING COMPANY, LLC**

_____

**HERMITAGE INN REAL ESTATE
HOLDING COMPANY, LLC**

**Debtor.**

Chapter 7

Case No. 19-10214 (CAB)

Chapter 11

Case No. 19-20903 (JJT)

**JOINT PRELIMINARY CASE MANAGEMENT ORDER REGARDING THE
DEBTORS' FILING VOLUNTARY CHAPTER 11 PETITIONS FOR RELIEF IN
THE DISTRICT OF CONNECTICUT WHILE ONE OF THE DEBTORS HAS AN
INVOLUNTARY PETITION PENDING IN THE DISTRICT OF VERMONT**

1. On May 22, 2019, in the District of Vermont, an involuntary petition for relief under Chapter 7 was filed against Hermitage Inn Real Estate Holding Company, LLC ("Hermitage Inn") under Case No. 19-10214 (CAB) ("Vermont Case"), by petitioning creditors Bobbi Resek, Dan Solaz, and Lakeland Bank ("Petitioning Creditors"). The Honorable Colleen A. Brown, Chief United States Bankruptcy Court Judge for the District of Vermont is assigned to the Vermont Case.

2. On May 28, 2019, the Hermitage Inn and the Hermitage Club, LLC ("Hermitage

Club") filed voluntary Chapter 11 petitions in the United States Bankruptcy Court for the District of Connecticut, Hartford Division under Case Nos. 19-20903 (JJT) and 19-20904 (JJT) ("Connecticut Cases"), respectively. Upon information and belief, the Hermitage Inn and the Hermitage Club are limited liability companies formed pursuant to the laws of the State of Connecticut and the Hermitage Club is a subsidiary of Hermitage Inn.  The Honorable James J. Tancredi, United States Bankruptcy Judge, has been assigned to the Connecticut cases.

3. It appears, under the Federal Rules of Bankruptcy Procedure, and applicable case law in the Second Circuit, that the proper court to determine the appropriate venue of the Hermitage Inn proceeding is the court that first obtained jurisdiction over this Debtor, which is the Bankruptcy Court for the District of Vermont.

4. Such deference to the court in which the first case was filed is without prejudice to the right of the Debtors', creditors, and parties in interest to articulate the circumstances and arguments they believe should inform the court's determination, pursuant to Fed. R. Bankr. P. 1014(b), of where these cases should properly proceed. In re Caesars Entertainment Operating Co. Inc., 15-10047 (KG), Doc. # 227 (Bankr. D. Del. 2015).

5. In order to avoid duplicative litigation, wasting of judicial resources, and the potential for conflicting court decisions, the Connecticut cases are hereby stayed, unless relief is accorded for an emergency or other good cause, for a period of (10) days or as provided in further order of this Court.  This stay will serve to facilitate the hearing and deliberations of the Vermont Bankruptcy Court of the currently pending motions, including, but not limited to, Berkshire Bank's motion for an emergency hearing to retain the State Court receiver, under § 303(f), or to immediately appoint an interim chapter 7 trustee under § 303(g) (doc. # 7), which is set for hearing on May 30, 2019.

6. The Vermont Bankruptcy Court will address the venue issue as a preliminary matter at the May 30, 2019 hearing.

7. This Order has been entered ex parte and on an expedited basis in order to achieve the just and efficient administration of these cases. It may be modified, vacated, or reconsidered upon motion of the Debtor(s), creditors or parties in interest.

IT IS SO ORDERED this May 29, 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

Honorable Colleen A. Brown